## Abstract of the Decision.

1. EVIDENCE, § 241*—*when exemplified copy of foreign special assessment proceedings inadmissible.* An exemplified copy of special assessment proceedings of an Indiana city is not admissible in the courts of this State, where the certificate of the city clerk attached to such copy does not show that the proceedings conformed to the laws of Indiana, and the special assessment laws thereof were not proven.

2. EVIDENCE, § 241*—*when exemplified copy of foreign special assessment proceedings inadmissible.* An exemplified copy of special assessment proceedings of an Indiana city is not admissible in the courts of this State, where the certificate of the city clerk attached to such copy does not show that the proceedings conformed to the laws of the former State.

3. COVENANTS, § 41*—*payment of assessment as condition to recovery for breach of covenant against taxes.* A grantee cannot recover more than nominal damages for the breach of a covenant against a special assessment without proving that it has been paid by him.

Hartvig Erickson and Fred A. Erickson, trading as H. Erickson & Son, Defendants in Error, v. A. L. Weinberger, Plaintiff in Error.

### Gen. No. 20,542.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

## Statement of the Case.

Suit brought in the Municipal Court of Chicago by Hartvig and Fred A. Erickson, trading as H. Erickson & Son, for commissions earned in securing a purchaser for land owned by A. L. Weinberger.  On a trial by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court without a jury, plaintiffs' damages were assessed in the sum of and judgment entered for $120, to reverse which defendant sued out a writ of error.

Defendant telephoned to several real estate agents that he desired them to sell certain lots. Fred A. Erickson, of plaintiff's firm, testified that on January 24, 1914, defendant telephoned him that he wanted to make a quick sale of his lots, and that he replied that if the selling price was reasonable, he could find a purchaser; whereupon defendant made a price of $2,100 net to him, and that he might have as commission any sum above that amount; that he (Erickson) replied he would sell them by the following day. Erickson further testified that at 2:45 p. m. the following day he sold the lots to one Hoppe for $2,400; that he received $25 as part payment, and it was agreed that on the following day a contract of sale would be drawn up and $175 additional deposit made; that on the following morning between ten and eleven o'clock a written contract was entered into and the additional $175 paid. Erickson further testified that the said Hoppe was a man of means and able and willing to carry out the terms of the contract; that on Sunday he tried several times to reach defendant by telephone but was unable to do so. Hartvig Erickson, a brother of Fred A. Erickson, and also a member of the plaintiffs' firm, testified that he also tried to reach defendant by telephone at his office on Sunday, but that he was unsuccessful; that he called at defendant's office early on Monday morning but did not find him in; that he succeeded in reaching defendant by telephone at his home, and told him he had sold the lots in question and that the purchaser had made a deposit; that he was then informed by defendant that he had already sold these lots on Sunday to one Brandt, but that no money had been paid as a deposit, nor had a written contract been entered into, but that his word was given and that he would not break his promise to Brandt.

Defendant admitted that at the time he was telephoned to on Monday morning, no deposit had been made nor had a written agreement been entered into.

JACOB LEVY, for plaintiff in error; JOSIAH BURNHAM, of counsel.

MICHAEL KOCH, for defendants in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 48*—*right of broker to compensation where owner makes enforceable contract of sale with another.* A real estate broker, although he does not have an exclusive agency, who procures a purchaser who is able, ready and willing to buy property on the owner's terms, is entitled to compensation where the owner is notified before he has entered into a binding contract of sale with another.

2. APPEAL AND ERROR, § 1575*—*when defeated party cannot predicate error on inadequacy of recovery.* That a judgment is for a smaller amount than for which the plaintiff was entitled, if his evidence was to be believed, cannot be urged by the defendant as error.

FITCH and SCANLAN, JJ., specially concurring.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.